**EMPLOYERS' INDEMNITY CORPORATION v. FELTER et al. (No. 549–4288.)\***

(Commission of Appeals of Texas, Section B. Dec. 2, 1925.)

**Master and servant ⬅⟿358—Employee's widow, by suing third party for his death, held barred from recovering compensation, notwithstanding ignorance of existence of compensation policy.**

Where widow of city employee, killed in course of employment, prosecuted a suit to judgment against third parties for employee's death, *held* that, under Compensation Act of 1917, pt. 2, §§ 4a and 6a (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—43, 5246—47), she was thereafter barred from recovering compensation, notwithstanding she did not know that city carried compensation policy until after such case had been tried, since, by bringing such suit, it deprived compensation insurer, an innocent third party, of its valuable right of subrogation accorded it by statute.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by the Employers' Indemnity Corporation against Mrs. Geo. R. Felter and others, to set aside an award of compensation. Judgment for defendants was affirmed by the Court of Civil Appeals (264 S. W. 137), and

---

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Rehearing denied January 13, 1926.

plaintiff brings error. Judgments of district court and Court of Civil Appeals reversed, and judgment rendered in favor of plaintiff.

T. H. McGregor, A. L. Love, and E. C. Gaines, all of Austin, for plaintiff in error.

Dickens & Dickens and King & York, all of Austin, for defendants in error.

POWELL, P. J. The opinion of the Court of Civil Appeals, reported in 264 S. W. 137, fully states this case. It is unnecessary for us to restate it at length. We think one question controls the judgment which must be entered. Therefore we shall state the case only so far as it is necessary to make this point clear. We quote as follows from the opinion of the Court of Civil Appeals:

"In 1918 the city of Austin carried a workman's compensation insurance policy with the Employers' Indemnity Corporation. On October 7, 1918, George R. Felter, then employed by the city of Austin as a meter reader in the water and light department, received injuries in a collision with an automobile at or near the corner of Seventeenth street and Congress avenue, from which he died a few days later. On March 30, 1923, the Industrial Accident Board of Texas, under said compensation policy, awarded to Mrs. George R. Felter and her two minor children, John Vincent Felter and Georgia Ruth Felter, whose guardian she was, compensation at the rate of $15 per week for 360 weeks from and after October 7, 1918, with interest on each weekly payment as it accrued. This award also provided for deduction of a part thereof as attorney's fees. Appellant gave due notice of its unwillingness to abide by this award and filed suit to set it aside."

The district court, upon trial before a jury, entered the same judgment rendered by the Accident Board. Upon appeal, the judgment of the district court was affirmed by the Court of Civil Appeals.

The undisputed evidence shows that in September, 1920, Mrs. Felter, for herself, and as mother and next friend for her two minor children, and as the guardian of their persons and estates, and as executrix of the estate of her husband, filed suit in the district court of Travis county to recover damages in the total sum of $50,000 for the alleged negligent killing of her husband by Mrs. Jeffie Barkley and Edgar J. Barkley, her husband. This suit went to trial before a jury upon its merits. On the 7th day of April, 1922, judgment was entered by the court that the Felters take nothing and that the defendants go hence without day.

In view of the undisputed facts already stated, counsel for the indemnity corporation asked an instructed verdict in the case at bar. The request was based upon the fact that the Felters had proceeded to final judgment against the alleged tort-feasors, third parties, and were precluded from later asking compensation, under the Employers' Liability

Act, for the very same injury, and for the further reason that the proceeding for compensation was not begun for more than four years after the accident had occurred. The trial court refused the peremptory instruction. Was that action erroneous? We think it was.

The article of our statute (section 6a of part 2 of Acts 1917 [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47]), applicable to the situation under discussion, reads as follows:

"Sec. 6a. Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association, for compensation under this act, but not against both, and if' he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under the provisions of this act; if compensation be claimed under this act by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof."

Section 4a of part 2 of the same act (article 5246—43), which is brought into this case, reads as follows:

"Sec. 4a. Unless 'the association or subscriber have notice of the injury, no proceeding for compensation for injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty (30) days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity within six (6) months after the death or the removal of such physical or mental incapacity. Provided that for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

These sections of the law seem to us to be perfectly clear and unambiguous, so far at least as they have any bearing upon the question at issue here. They do not need the application of the ordinary rules of construction. The language employed speaks for itself. In the great majority of cases injuries are not the result of the act of third parties, but result from the employment itself. But, realizing that laborers might be injured, while working for the subscriber, by the acts of third parties, the statute attempted to do the right thing under circumstances of that kind. It was not the purpose of the Compensation Act to protect third parties from the consequences of their negligence. The lawmakers, realizing that much larger recoveries could be had by injured people under the common law than under compensation statutes, very wisely left it to the injured person to exercise an option in the premises and seek to recover what seemed to him to be for his best interests. On the other hand, if the injured person preferred compensation, then the lawmakers decided it was right to give to the insurance company the right to make the guilty party pay; hence the act subrogates the insurance company to the cause of action which the injured party himself had against the third party. This is a most valuable right. No one could well deny this conclusion. But the Legislature went further and protected the injured employee by restricting the insurance company in its recovery against the tort-feasor to a return of the amount it had paid out in compensation. If it recovered more than such amount from the tort-feasor, the excess goes to the injured employee. So every effort was made to give to the injured employee every possible advantage, at the same time according to the insurance company a right to recoup its loss if the injury was negligently caused by some third party.

Under the facts in this case, plaintiff in error has been absolutely deprived of its right of subrogation. This article of the statute has been wiped out. If, at the very moment the first effort was made to recover compensation, the plaintiff in error had filed suit against the tort-feasors in an effort to protect itself to the extent it might be called upon to pay compensation, such suit would certainly have been answered by two contentions by the defendants. In the first place, limitations would doubtless have been pleaded and successfully. Furthermore, res adjudicata would unquestionably have been pleaded and also successfully. So it is quite clear that, as a result of the conduct of the Felters, plaintiff in error has been deprived of its valuable right, in its own way, and through its own agents and attorneys, to sue the alleged tort-feasors and attempt to recoup the amount of compensation it was being called upon to pay.

The jury found that Mrs. Felter did not know, until about 90 days after the Barkley damage case had been tried, that the city of Austin carried a compensation policy for its employees at the time of this accident. Adopting that finding by the jury, the Court of Civil Appeals held that section 6a of the Compensation Act had no application; that Mrs. Felter was not required to make an election of remedies as long as she was in ignorance of one of the remedies. The Court of Civil Appeals discusses this phase of the case very briefly, beginning at the middle of page 10 of its opinion accompanying this record and ending at the middle of the next page. There can be no question about the correctness of this view of the Court of Civil Appeals, generally speaking. But it is equally true that the principle it announces with reference to the election of remedies does not apply when to apply it would result in injury to another who is without fault. This exception to the rule either escaped the attention of the Court of Civil Appeals or they deemed it immaterial. It is conceded by the court that the statute has been violated under its judgment, but such violation is excused upon the plea of ignorance on the part of Mrs. Felter.

The act requires an election. Where that is true, the rule is well stated by Corpus Juris, vol. 20, p. 28, as follows:

"Subject to the exceptions hereafter discussed as a general rule the prosecution of one remedial right to judgment or decree, whether the judgment or decree is for or against plaintiff, is a decisive act which constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights. The rule is the same, even though the suitor fails to secure satisfaction by means of the remedy adopted, or has misjudged the effect of his first election."

One of the exceptions mentioned in aforesaid quotation is stated as follows in volume 20, p. 35, of Corpus Juris:

"In order to constitute a binding election, the party must, at the time the election is alleged to have been made, have had knowledge of the facts from which the coexisting, inconsistent remedial rights arise, since any position taken by a party before knowing all the facts should be classed as a mistake and not as an election. If a party acts in ignorance of material facts, he may, when informed, adopt a different remedy, even though inconsistent, *unless, of course, tho rights of innocent persons have intervened;* but if he does not do this with reasonable dispatch, after learning the facts, he will be deemed to have waived the right and his original action will ripen into a bar."

The Court of Civil Appeals in the instant case has given effect to the first part of our last quotation but has apparently ignored the latter part thereof. We have underscored the exception which we think governs this case. Corpus Juris cites authorities in support of the text. There are many other authorities. This rule is followed in Texas and elsewhere.

In the case of Rice v. Garrett, a compensation case (Tex. Civ. App.) 194 S. W. 667, Judge Boyce quotes with approval from Ruling Case Law, vol. 9, p. 960, as follows:

"An election of a remedy which has the effect of an estoppel in pais or an estoppel by record in that class of cases in which the remedies are really inconsistent, is generally considered made when an action has been commenced on one of such remedies. Some courts go so far as to say that in such cases the choice of a remedy once made cannot be withdrawn or reconsidered though no advantage has been gained nor injury done by the choice, and no injury would be done by setting the choice aside. But the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel in pais has arisen (that is, where no advantage has been gained or no detriment has been occasioned) is not an election."

In that case Judge Boyce followed the "more reasonable rule." The same thing is true of the Court of Civil Appeals at Dallas in the very recent case of Stowell v. Texas Employers' Insurance Association (Tex. Civ. App.) 259 S. W. 311. In that case Stowell filed a suit for damages at common law, but dismissed it before the Accident Board had acted. Judge Vaughan held such conduct was not a sufficient prosecution of the suit for damages to constitute an election. But in so deciding he was careful to remember the exception we have in mind and have heretofore quoted as governing the case at bar. The court at Dallas said:

"The suit filed by Stowell, not having been prosecuted to judgment, or any advantage gained by him, or any disadvantage suffered by appellee, did not operate as an election so as to work as an estoppel against appellant Stowell."

Judge Vaughan, in another portion of his opinion, very clearly indicates a different holding would have resulted had a suit for damages been prosecuted to final judgment on its merits.

So in all cases, compensation or otherwise, the rule is recognized that ignorance of facts will not relieve against an election of remedies where such relief would injure an innocent party. We find no authorities to the contrary. There could be none it seems to us. We know of no rule of equity which would relieve one of the injurious consequences of his own ignorance when to do so would destroy a valuable right in another who is without fault. In other words, equity will not, in its generosity, permit one to profit at the contemporaneous expense of another. The company in this case violated no rule and neglected no duty. It is blameless. On the other hand, Mrs. Felter did violate the subrogation statute as well as section 4a. Upon the broad grounds of equity, she asks that her ignorance be excused. Her request cannot be

granted when its granting deprives the company, a thoroughly innocent party, of its valuable right of subrogation. We do not think it necessary to cite any further authorities.

Our subrogation statute is taken in a large measure from the English act. The English courts and some others have held that the mere commencing of a suit for damages bars a recovery of compensation. But most of the American courts, under slightly more favorable statutes, are breaking away from the strict construction of the English courts; and, as already shown, our Texas courts are doing the same thing. But we are unable to find any case holding that the subrogation article does not bar compensation where suit for damages has proceeded to final judgment upon the merits of the case. That is the situation we have in the instant case.

In proceeding against the Barkleys as she did, Mrs. Felter deprived the insurance company of its right to subrogate itself to her cause of action, which it had a right to do if and when called upon for compensation. This is true, regardless of statutes of limitation, because res adjudicata could be pleaded by the Barkleys. The judgment they had won conclusively precluded Mrs. Felter or her children from ever recovering for that injury. The same judgment would have precluded the insurance company from later suing on the same cause of action. In a situation of this kind, we hold that defendants in error cannot recover compensation.

It is not necessary for us, in view of what we have just stated, to determine whether or not the Accident Board can, by virtue of the last part of section 4a of part 2 of the act, permit a party to recover compensation when such party delays beginning proceedings so long that the insurance company's rights under the subrogation section of the same act would be lost by limitation. If Mrs. Felter had not proceeded to final judgment in her suit against the Barkleys, we would then have this very question before us. We do not pass upon the point, but will say that these two sections of the same act should be so construed as to give effect to both, if possible. It is clearly possible. That can be done by not permitting such delay under section 4a as will deprive the company of its rights of subrogation under section 6a. The construction of the lower courts in the case at bar renders totally ineffective the subrogation section of the law. This should not be done. Under the holdings of the lower courts, a person might be ignorant for 20 or 30 years and still recover compensation, even though the insurance company had in the meantime entirely lost its right of subrogation.

The application presents many other interesting questions, all of which were passed upon by the Court of Civil Appeals. Since we have already disposed of the case, it is not necessary for us to pass upon the correctness of any of the other holdings of the Court of

Civil Appeals. For that reason we do not do so.

For the one reason stated, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and that judgment be rendered by the Supreme Court in favor of plaintiff in error.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error.

CURETON, C. J., not sitting.