## OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, v. COOPER et al. (No. 3363.)

Court of Civil Appeals of Texas. Texarkana. April 14, 1927.

Rehearing Denied April 28, 1927.

1. **Master and servant** ☞354—Widow, having sued third party for employé's death, held barred from recovering under Workmen's Compensation Act (Rev. St. 1925, art. 8307, § 6a).

Where widow of workman brought unsuccessful suit against third party for husband's death, she was thereafter barred from recovering compensation, since by bringing first suit she deprived compensation insurer of its valuable right of subrogation, in view of Workmen's Compensation Act (Rev. St. 1925, art. 8307, § 6a).

2. **Judgment** ☞572(2)—Judgment of dismissal on general demurrer is equally as conclusive between parties as judgment on merits.

Judgment of dismissal on general demurrer, when allowed to stand, is equally as conclusive between parties as judgment on merits of controversy.

3. **Corporations** ☞672(7) — Defendant's admission in pleadings that foreign corporation was authorized to transact business within state rendered proof of permit unnecessary.

Foreign corporation's offer of proof that it had permit to do business within state, if required, was rendered unnecessary by defendant's admission in pleadings that it was legally authorized to transact business within state.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Suit by the Ocean Accident & Guarantee Corporation, Limited, against Mrs. Iva Lue Cooper and others to set aside an award of the Industrial Accident Board. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Robert Carswell, of Dallas, and Clark & Clark, of Greenville, for appellant.

J. G. Wilson and R. H. Vogel, both of Dallas, for appellees.

HODGES, J. This is a suit to set aside an award made by the Industrial Accident Board. On October 18, 1923, John S. Spencer was accidentally killed while in the service of the Reyburn Engineering Company,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

who held a policy of insurance issued by the appellant under the provisions of the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309). At the time of the accident the Reyburn Engineering Company was constructing an addition to the plant of the Greenville Mill & Elevator Company in Hunt county. Spencer was employed as a common laborer, and was engaged in making an excavation. While he was at work, a wall fell on him, causing injuries from which he died. Within a few days the appellee, his surviving wife, filed her claim for compensation with the Industrial Accident Board. A short time thereafter, and before any action on her claim by the board, she concluded that she had a good common-law cause of action against a third party, the Greenville Mill & Elevator Company, and withdrew her claim. On the 22d day of November, 1923, she filed a suit in the district court of Hunt county against the Greenville Mill & Elevator Company for damages based upon charges of negligence. The Greenville Mill & Elevator Company answered, and also filed a cross-action against the Reyburn Engineering Company. The latter answered, pleading, among other things, that it was the holder of an insurance policy under the Workmen's Compensation Act, and claimed immunity from personal liability for damages. The Reyburn Engineering Company also asked that the appellant, Ocean Accident & Guarantee Corporation, Limited, be made a party, and required to defend the suit. The appellant filed an answer admitting the issuance of the policy, and asked that Mrs. Spencer, the plaintiff in that suit, be required to elect her remedy. In the meantime Mrs. Spencer had married Earle Cooper. On May 27, 1924, joined by her husband, she filed an amended petition, in which she sought exemplary damages against the Reyburn Engineering Company. The appellant in this case was later dropped from that suit before its final determination. Upon a hearing in that case on the ———— day of ————, 1924, the court sustained a general demurrer of the Greenville Mill & Elevator Company to Mrs. Cooper's amended petition, and, upon her refusal to further amend, her suit against that defendant was dismissed. In the suit against the Reyburn Engineering Company for exemplary damages a judgment was rendered against her. On November 17, 1924, Mrs. Cooper filed a petition for a writ of error and an affidavit in lieu of a bond. Her right to appeal upon such an affidavit was contested and decided against her. Later she sought to mandamus the clerk of the trial court to send to the Court of Civil Appeals at Dallas a transcript in that case, but her application for the writ was refused. On the 28th day of May, 1925, after being defeated in her common-law action against the Greenville Mill & Elevator Company and the Reyburn Engineering Company, Mrs. Cooper renewed her claim before the Industrial Accident Board. On July 9, 1925, the board made an award allowing her the sum of $8.65 per week for 360 weeks.

In resisting the award by the board, the appellant pleaded that Mrs. Cooper was estopped by having elected to bring a common-law action for damages based upon negligence against the Greenville Mill & Elevator Company, and that she had filed her claim before the board more than six months after the accident occurred. The board, however, held that under the facts she was not estopped by that suit against the third party, and was not barred by the lapse of time in filing her claim. Within the time allowed by the statute the appellant filed this suit in the district court of Hunt county to set aside the award. The grounds relied upon on the trial below were the same as those urged before the Industrial Accident Board. The case was submitted to the court without a jury, and a judgment was rendered sustaining the award.

There are two defenses presented in this appeal, either of which, if good, is sufficient to require a reversal of the judgment. The first is that Mrs. Cooper was estopped to prosecute her claim before the Industrial Accident Board by having elected to sue a third party, the Greenville Mill & Elevator Company, for damages based upon common-law negligence. The second is that, having withdrawn her first claim presented to the Industrial Accident Board, her second, which was filed more than six months after the accident, came too late, and for that reason should have been denied.

In disposing of the defense of estoppel based upon the election of Mrs. Cooper to sue the Greenville Mill & Elevator Company, the Industrial Accident Board said:

"The board is of the opinion that the defense of estoppel ought not to be sustained in this case, for the reason that the affect of the accepted judgment of the court is that there did not in fact exist two remedies in favor of the said Mrs. Iva Lue Cooper; that the said suit which sought to recover damages did not in fact afford a remedy, and was merely an imaginary and fancied remedy; that it did not in truth and in fact exist; that therefore the only remedy that was in truth and in fact open to the said Mrs. Iva Lue Cooper was for the recovery of compensation under, and in accordance with, the provisions of the Compensation Law."

The trial court probably followed that ruling. Article 8307, § 6a, of the Revised Statutes of 1925, is as follows:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against

both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing thereof."

[1-3] Under the provisions of that statute Mrs. Cooper, upon the death of her husband, had the right to adopt one of two courses: She might prosecute her claim against the insurance company before the Industrial Accident Board for the statutory compensation allowed by the Workmen's Compensation Act, or she might sue the Greenville Mill & Elevator Company for damages. The essentials to an estoppel by the election of a remedy, as stated in the legal conclusions of the Industrial Accident Board, and here urged by counsel for the appellee, cannot be applied to a proceeding of this character. It will be observed that the statute quoted, while conferring upon the beneficiary the option to claim special compensation from the insurance company or to institute a common-law action for damages against a third party, subrogates the insurance company, when it pays the special compensation, to the claimant's right to the common-law action against the third party. That right of subrogation is a valuable right, and cannot be destroyed by the voluntary act of the beneficiary without incurring the consequences of an estoppel. It is destroyed when the beneficiary elects to sue the third party and is defeated, as happened in this instance. The judgment rendered against Mrs. Cooper in her suit against the Greenville Mill & Elevator Company is a bar to an action by the insurance company for recoupment in the right of subrogation. That proposition is well-settled by the decision of the Commission of Appeals in the case of Employers' Indemnity Corporation v. Felter et al., 277 S. W. 376. The facts of that case are so strikingly similar to those here under consideration that the opinion there rendered may be referred to as decisive of that issue in this case. The suit against the third party in that instance was tried on its merits, and resulted in a judgment against the beneficiary. That judgment, of course, carried with it the implication that in a suit between those parties it had been judicially determined that the beneficiary did not have an actual remedy against the third party, but had elected to adopt an imaginary one. But in the opinion rendered by the Commission of Appeals it was held that the insurance company had a right, under the statute, to have that question determined "in its own way and through its own agents and attorneys." In the present case the suit against the Greenville Mill & Elevator Company, the third party, was dismissed on a general demurrer. But a judgment of that character, when allowed to stand, is equally as conclusive between the parties as a judgment upon the merits of the controversy. Parker v. Spencer, 61 Tex. 155; Scherff v. Ry. Co., 81 Tex. 471, 17 S. W. 39, 26 Am. St. Rep. 828. In a supplemental brief counsel for the appellee called attention to the fact that the appellant in this case is a foreign corporation, and that upon the trial it failed to offer any proof that it had a permit to do business in this state. If proof of such permission were required of the appellant in this suit, its production was rendered unnecessary by the admission of the appellee in her pleading that the appellant was legally authorized to transact business in this state.

We are of the opinion that the judgment of the trial court holding that appellee was not estopped was erroneous, and it is accordingly reversed, and judgment here rendered in favor of the appellant.