**ROBERTSON v. C. A. BRYANT CO. et al.**

**No. 12655.**

Court of Civil Appeals of Texas. Dallas.
March 25, 1939.

Rehearing Denied April 22, 1939.

**550**

Chas. M. Cocke, of Dallas, for appellant.

Thompson, Knight, Baker, Harris & Wright and Pinkney Grissom, all of Dallas, and Lawler, Wood & Childress, of Houston, for appellees.

YOUNG, Justice.

General demurrers were sustained below to plaintiff's second amended original petition, and upon declining to amend, her suit was dismissed, followed by this appeal. Plaintiff's original petition, filed April 28, 1936, alleged that on or about July 1, 1935, she was an employe of the C. A. Bryant Company and/or the American Seating Company, each with offices in the Santa Fe Building, Dallas, where she had worked continuously for about one year. Her employers, above named, were parties defendant along with the Travelers Insurance Company, hereinafter referred to as defendant insurer; also the York Ice Machinery Corporation, referred to as the York Corporation. Allegations of the orig-inal petition were that during the fall and winter of 1934–35, plaintiff, among many other employes, was forced and compelled to work a greater number of hours than was permitted by the Penal Laws of Texas, under which her physical condition was greatly weakened, making her more easily susceptible to the ills and diseases hereinafter described; and that on account of her loss of strength and vitality, brought on by defendants as will be mentioned, she became unable to continue the strain of even ordinary labor, whereupon, the C. A. Bryant Company and/or American Seating Company, hereinafter referred to as employers, on or about October 15, 1935, finally discharged her. Plaintiff further averred that on or about July 1st, 1935, her employers entered into some kind of contract with the York Corporation for installation of an air conditioning system, which work, the latter commenced to do, and on August 1, 1935, the cooling machinery was turned on at a time when it was not completed, a fact not known to plaintiff; said machinery causing a current "of almost icecold wind" to flow through an opening in the wall, striking a wall on the opposite side of the office where plaintiff was located, deflecting said cold wind downward so that it struck plaintiff; that her employers required the performance of her duties in said location and while continuously enveloped in said draft; that she soon contracted a severe cold and other physical ailments of a permanent nature, the extent of which she did not know, but which reduced her earning capacity at least fifty percent; that she was greatly injured and her health seriously impaired by the above conditions; alleging a complaint to her employers because of failure to furnish a safe place in which to work, the latter admitting defects in the conditioning system, with a promise to correct. Large medical and hospital bills were claimed; and further, that soon after plaintiff had presented her claim to the other defendants, a representative of defendant insurer advised her attorney that it was carrying the risks and was legally bound to pay the claims and demands covered by and asserted against her employers and the York Corporation, being fully liable thereon, whereupon "plaintiff filed her claim for the injuries sustained as herein alleged with the Industrial Accident Board at Austin, Texas", which was by the Board, on March 25, 1936, wholly denied. Plaintiff's charges of negligence against defendant employers were, in effect, (1) of being required to work over

time for many days in violation of State labor laws; (2) of demanding an unreasonable amount of work each day and not furnishing plaintiff with a safe place to work; (3) in not correcting the causes contributing to her injuries after same were called to their attention; and (4) demanding that she continue to perform her duties in an icy-cold draft, etc. As against defendant York Corporation, the negligence alleged was (a) in operating the cooling machinery while it was in an incomplete condition, thereby subjecting her to ice-cold winds, detrimental to her health; (b) and in not correcting the defects in the system after they were called to defendant's attention. The damages prayed against the insurer was $15,750, and six per cent interest, with additional sums for doctors, medical and hospital bills; and by alternative plea, that if her case be not compensable under the Texas Compensation Law and the insurer not liable, her damages be assessed against the other defendants in the same amounts.

Later, and before the first hearing on demurrers, plaintiff filed what she termed a first supplemental petition, enlarging her claims against defendants, in that, each failed to correct defects in the cooling system after they had been notified thereof; defendants promising an abatement of such defects, etc.; pleading her consequent suffering, physical and mental, in neuralgia, colds, hay fever, and a near breakdown, as a permanent result of the wrongs complained of; and further that her claim with the Industrial Accident Board was filed with the following reservation: "In filing this claim with the Industrial Accident Board of the State of Texas and giving notice of the injuries sustained to my employers, I specifically reserve all my rights provided for my protection under the common law and the statutes of Texas in such cases, should it be held or found that the injuries complained of did not come within the workmen's compensation act of the state of Texas, and none of said rights are waived."

Plaintiff's statutory action under the Workmen's Compensation Law will be termed Count 1, and that against defendants at common law as Count 2. Defendant York Corporation filed pleas in abatement to plaintiff's entire pleading on grounds of misjoinder in being made defendant in proceedings to set aside an award of the Industrial Accident Board, Art. 8307, R.S. Secs. 5–6a, Vernon's Ann.Civ.St. art. 8307, §§ 5–6a; and that the tort action against it was improperly joined in one of contract against the other defendants; also presenting general demurrer, special exceptions, and defenses. To the same pleading of plaintiff (original and supplemental) defendant employers and the insurer filed general demurrers and denials, the former urging specially that they were subscribers under the Workmen's Compensation Law, carrying insurance which was in full force and effect during the period in question, and that plaintiff was covered thereby; said defendants pleading her alleged injuries were due to an occupational disease, for which there was no liability either under the statute or common law, also defenses of assumed risk and contributory negligence by the employer.

On a hearing, February 25, 1937, all pleas in abatement and demurrers of defendants were sustained, each of said defendants being dismissed out of the case, and plaintiff given leave to amend. Thereafter, on March 19, plaintiff filed her first amended original petition embracing in substance the allegations of her original and supplemental petition, dropping the insurer (Travelers Insurance Company) therefrom, and proceeding against the other defendants as in an action at common law, raising the damage item to $20,750 with interest, plus certain monthly payments; and to such amendment, York Corporation, defendant, answered by the same pleas, demurrer and exceptions as before.

Later, on November 30, 1937, plaintiff filed her second amended original petition bringing the Travelers Insurance Company back as party defendant, her allegations in Count 1 being against the Insurance Company, apparently under the Workmen's Compensation Law; Count 2 being a common law action against the other defendants, all allegations in the last and trial pleadings of plaintiff being the same as first contained in her original and supplemental petition, asking for $5,750 from the insurer, or alternatively for $39,930 from the other defendants. To plaintiff's last pleadings, defendant employers and the insurer interposed their earlier defenses and, additionally, pleas to the jurisdiction and res adjudicata, urging that plaintiff's latest amendment, being the same in substance as the original petition, the situation was the same as if plaintiff had not, in fact, amended, hence the final judgment on the pleadings as they stood February 25, 1937 (when all defendants were dismissed), was effective and final—no appeal having been taken from the prior dismissals. Similarly, York

Corporation, on the last hearing, adopted the defensive pleas, exceptions, etc., of the defendant employer. The trial court then overruled all pleas to the jurisdiction and of res adjudicata, defendants excepting; and again sustained all general demurrers, to which plaintiff duly excepted and appealed.

Appellees first present a motion that appellant's brief be stricken for failure in many material respects to comply with rules for briefing cases, the particular deficiencies involved being quite analogous to those discussed by Chief Justice Bond in Sheppard v. City and County of Dallas Levee Improvement Dist., Tex.Civ.App., 112 S.W.2d 253. For instance, appellant's propositions (four in number) presented no tangible matters pertinent to her case; but were mere abstractions, affirming that "which is alike applicable to all cases", such law points not being germane to any assignment or even to her "motion for new trial" in the back of her brief; did not refer to any assignment therein, and in themselves were not assignments. Even under her prayer following presentation of errors, it is doubtful if appellant's said brief should receive consideration. Following is the relief sought: "Appellant therefore submits that for the erroneous action of the trial court in sustaining, and not over-ruling, all general demurrers urged, and because of the admissions of fact made to the allegations of Appellant's suit, the judgment of the trial court should not only be reversed but reversed and rendered in favor of Appellant and against the Insurer in the sum of $5,750.00, should the court hold that her rights are determinable under the workmen's Compensation Laws of Texas, or in her favor against C. A. Bryant Co., American Seating Co. and the York Ice Machinery Corporation, jointly and severally, for the sum of $39,930.00 or severally as the court finds appellant entitled to, should the court find that her said rights are determinable under the common law."

However, this record involving only the action taken by the trial court on pleas, demurrers and exceptions, can properly be investigated for fundamental error. 3 Tex.Jur.Appeal and Error, pp. 815, 937, Sections 574, 656. Defendant employers, ·C. A. Bryant Company and/or American Seating Company, were properly dismissed, they being subscribers under the Workmen's Compensation Act, Art. 8306, Sections 3, 3a, 3c. Additional to the statute, plaintiff has here sought an award and by her conduct, has waived any right of action at common law against her employer. Gordon v. Travelers' Ins. Co. et al., Tex.Civ. App., 287 S.W. 911. Also, defendant York Corporation was improperly joined in plaintiff's original suit in district court to set aside the ruling of the Industrial Accident Board. Fidelity Union Casualty Co. et al. v. Riley, Tex.Civ.App., 26 S.W.2d 682. However, her initial pursuit of the statutory remedy is not, strictly speaking, an election precluding a subsequent action against negligent third parties. Continuing rights of an employe against persons other than the employer are limited by further provisions of the law. Art. 8307, Sec. 6a; Texas Employers' Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982.

When, in February, 1937, defendant insurer was dismissed from plaintiff's suit upon demurrer, her first amended petition, seasonably filed, was one at common law against the other defendants, plaintiff reciting therein that she had "elected to prosecute all her rights against the defendants under and by virtue of the common law and the general law of the State of Texas"; and when, eight months thereafter, in her second amended petition of two counts, defendant insurer was again made a party, with no new facts alleged, we think the status was that as if plaintiff had taken leave to amend but failed to do so, relative to the Insurance Company; the previous order of dismissal becoming final. Ernst Scherff v. Missouri Pacific Ry. Co., 81 Tex. 471, 17 S.W. 39, 26 Am.St.Rep. 828. A judgment on demurrer "when allowed to stand, is equally as conclusive between the parties as a judgment upon the merits of the controversy". Ocean Accident & Guarantee Corporation, Ltd. v. Cooper et al., Tex.Civ.App., 294 S.W. 248, 250. Moreover, plaintiff's last amendment again impleading the compensation carrier, showed no compliance whatever with the jurisdictional requirements contemplated by Sections 4a and 5 of Art. 8307, R.S.; hence the court correctly ruled on Count 1 of plaintiff's petition, i. e., her attempt to replead a statutory action against appellee, Travelers Insurance Company.

Plaintiff having failed of a recovery under Workmen's Compensation Law may properly and subsequently pursue whatever action she may have at common law against negligent third parties. Texas Employers' Ins. Ass'n v. Brandon, supra. This, plaintiff has undertaken to do in Count

2 of her pleadings involving the air conditioning company; and as to the defendant last referred to, we think plaintiff stated a cause of action good against general demurrer. The judgment of dismissal is therefore affirmed with respect to C. A. Bryant Company, American Seating Company and the Travelers Insurance Company; but is reversed and remanded for further proceedings as to appellee York Ice Machinery Corporation.

Reversed and remanded.