## MARYLAND CASUALTY CO. v. McCRARY et al.

District Court, N. D. Texas, Dallas Division.
Nov. 6, 1939.

C. E. Kennemer, Jr., of Dallas, Tex., for the motion.

S. Austin Wier and Ara S. Hyde, both of Dallas, Tex., opposed.

ATWELL, District Judge.

Henderson McCrary, the husband of Lois McCrary, and the father of the minor children, who are defendants in this case, was an employee of an employer insured under the compensation laws of Texas.

While in the regular course of his employment, on March 13, 1939, he was injured by a motorcycle operated by one R. W. Nichols, an outsider. On April 1, 1939, he settled with that person for $350.

The written release has been offered in evidence, and testimony has been presented showing that the consideration was actually paid. The wording of the release is that, "Henderson McCrary * * * in consideration of Three Hundred Fifty ($350.00) Dollars * * * the receipt of which is hereby acknowledged, does hereby remise, release, and forever discharge R. W. Nichols, and Texas Delivery Service, their agents and servants, and all other persons, firms, and corporations, whomsoever, of and from any and all actions, claims and demands whatsoever, which claimant now has, or, may hereafter have on account of, or, arising out of the accident, casualty and/or event which happened on or about the 13th day of March, 1939, including those consequences thereof which may hereafter develop, as well as those which have already developed, or, are now apparent."

There are other statements with reference to the fact that the release is executed without any other promises, etc. The release is acknowledged before a notary public on the same date.

On April 15, 1939, McCrary died. His widow and surviving children filed for the three hundred and sixty weeks' compensation provided for by the Act, Rev.St.Tex. 1925, art. 8306 et seq. The Board entered an order, and the Maryland Casualty Company, plaintiff herein, and insurer of the deceased employee, brought this suit. The widow and children cross-actioned, for the statutory benefits.

The plaintiff moves to abate the suit on the ground that Section 6a of Article 8307, Revised Statutes of Texas, prohibits the employee from claiming both compensation and damages from the third party tort-feasor. It reads into that article that such prohibition applies likewise to the beneficiaries of the employee, if, and when, he dies, and their rights ripen under the compensation statute. It claims that his release destroyed its right of subrogation. It cites Texas Employers Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982. That suit did not involve the rights of beneficiaries of a deceased workman. It related merely to the right of an employee who had settled with a third party whose negligence had caused the injury, and had thereby destroyed the insurer's subrogation right, under the statute. The Commission of Appeals' opinion was adopted by the Supreme Court.

The reference in the opinion to Employers' Indemnity Corporation v. Felter, Tex.Com.App., 277 S.W. 376, is of no assistance here, because in the Felter case the widow of the deceased workman had, herself, sought damages against the third party.

The case of Maryland Casualty Company v. Stevens, et al., Tex.Civ.App., 55 S.W.2d 149, does not appear to have been called to the attention of the court in the Brandon case, nor was it necessary, since the issue was different. However, in the Stevens case, the cause is precisely like the one before us. The workman was injured, while in the course of his duty, by the negligence of a third party tort-feasor, and that party had settled with the employee who subsequently died, and the widow brought the suit. The insurer claimed that the settlement by the employee had deprived it of its right of subrogation. Revised Statutes 1925, Texas, Article 8307, Sec. 6a. The court denied that claim, holding that the statute gave two rights of action, one to the employee, and the other to his beneficiaries; that the employee could not destroy the right of the beneficiaries. That decision seems to support the soul and purpose of the Compensation Act. The employee is given the right to recover for four hundred and one weeks; the beneficiaries are limited to three hundred and sixty weeks. From the beneficiaries' recovery may be deducted such payments as were made to the employee, by the insurer, Texas Employers Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982, 984.

The Stevens case was followed by Texas Pacific Fidelity & Surety Company v. Hall, Tex.Civ.App., 101 S.W.2d 1050, which, again, italicizes the two rights of action. See, also, Texas Employers' Ins. Ass'n v. Morgan, Tex.Com.App., 295 S.W. 588, an earlier case, but which recognized the right of the recovery of the beneficiary after release by the injured employee. See, also, Traders' & General Insurance Company v. Baldwin, 125 Tex. 577, 84 S.W.2d 439.

In the Morgan case, supra, the court pointed out the fact that an agreement of settlement between an employee and the association could be no more comprehensive than the award of the board. An award

to an employee does not affect the rights of the beneficiary, except to the extent of deductions for payment made under the award. See, also, Swain et ux. v. Standard Accident Insurance Co., Tex.Civ.App., 81 S.W.2d 258, 259.

It appearing to the court that the reason of the law, as well as the apparent construction by the highest courts of the state, justify the thought that the right of action of employee, and the right of action of the beneficiaries, are separate and distinct, and that the termination of the first shall not affect the life of the second, except insofar as payments shall have been made by the insurer, it seems that the motion to abate should be overruled, and it is so ordered.