## FREEMAN v. FEDERAL UNDERWRITERS EXCHANGE.

### No. 3901.

Court of Civil Appeals of Texas. Beaumont.

Oct. 9, 1941.

V. A. Collins, of Livingston, for appellant.

B. L. Collins, of Lufkin, and Lightfoot, Robertson & Gano, of Fort Worth, for appellee.

WALKER, Chief Justice.

On the 8th day of October, 1938, appellant, W. E. Freeman, while hauling saw-logs in the course of his employment by McMillan Brothers, in attempting to cross the track of T. & N. O. Railroad Company near Warren, in Tyler county, was struck by one of the trains of the T. & N. O. Railroad Company and seriously injured. At the time he was injured, appellant was protected by a policy of workman's compensation insurance, duly issued by appellee, Federal Underwriters

Exchange. Without first making application for workman's compensation, appellant instituted a suit at common law, in the district court of Tyler county, against T. & N. O. Railroad Company for the damages suffered by him in the collision, and on the 23rd day of October, 1939, was awarded judgment for damages in the sum of $5,000 on an agreement to that effect between him and T. & N. O. Railroad Company, which judgment has been fully paid to appellant by the railroad company. Thereafter, on the 1st day of September, 1940, appellant filed with the Industrial Accident Board his claim for compensation against appellee, based upon the very injuries upon which he was awarded judgment against T. & N. O. Railroad Company. On the 31st day of October, 1940, the Industrial Accident Board entered its final award, denying appellant's claim, from which he duly prosecuted his appeal to the district court of Tyler county, by filing this suit on the 15th day of November, 1940. By the allegations of his petition, appellant pleaded against appellee a good cause of action for workman's compensation within the jurisdiction of the district court of Tyler county, subject to appellee's legal defenses that appellant had made an election of remedies by filing his action against the railroad company and prosecuting it to judgment; in his petition, appellant pleaded fully the facts of his suit against the railroad company and of the judgment rendered therein in his favor. Appellee answered by plea in abatement, that appellant by filing his suit at common law against T. & N. O. Railroad Company for damages, by prosecuting that suit to judgment, and by collecting his judgment, had made an election of his remedies, and had waived his claim for compensation benefits against appellee. On the 21st day of March, 1941, judgment was entered sustaining appellee's plea in abatement and dismissing appellant's cause of action, from which he has regularly prosecuted his appeal to this court.

The only evidence offered on the hearing on the plea in abatement was the pleadings of the parties in appellant's cause of action against the railroad company, and a certain agreement signed by the parties, the judgment and the entry showing that the judgment had been paid in full. Our statement of the case is from the pleadings of the parties as brought forward in the transcript and in the statement of facts.

■ It has been clearly and finally adjudicated by our Supreme Court that appellant, by filing his suit against T. & N. O. Railroad Company for the damages suffered by him in the collision, by prosecuting his suit to judgment, and by collecting the judgment, made an election of remedies, and waived and abandoned his claim for compensation benefits against appellee. Revised Civil Statutes, Art. 8307, Sec. 6a; Employers' Indemnity Corp. v. Felter, Tex.Com.App., 277 S.W. 376; Ocean Acc. & Guarantee Corp. v. Cooper, Tex.Civ. App., 294 S.W. 248; Texas Emp. Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W. 2d 982.

Appellant advances the following propositions against the judgment of the lower court:

(1) The point is made that appellant made "no election of remedies" by instituting a suit against the railroad company, because on the allegations of his petition he stated no cause of action against the railroad company. This contention is denied. If it be conceded that appellant's petition was subject to the general demurrer and stated no cause of action, it is apparent on the face of the petition that it could have been amended by alleging facts constituting a cause of action. The judgment rendered in favor of appellant in that suit constitutes a bar against the rights of appellee to recoup the damages suffered by it under its policy of compensation insurance, by an action against the railroad company. However, we have examined the petition with the greatest of care and it is our conclusion that it was not subject to the general demurrer. Because of what we have just said overruling this contention, it would serve no useful purpose to quote from the allegations of the petition.

■ (2) We overrule the contention that the court erred in sustaining the plea in abatement, on the proposition that there was no evidence of liability on the part of the railroad company to pay the damages claimed in the suit plead in abatement of the pending suit, and no evidence that appellee had suffered loss as the result of the asserted claim for damages. It must be conceded that the injuries, constituting the basis of appellant's cause of action against the T. & N. O. Railroad Company, are the very injuries for which he now claims ·compensation. In his petition against the T. & N. O. Railroad Company,

he made a full and complete exhibit of the facts of his accident, the nature of his cause of action, and the injuries suffered by him; these very allegations are made in petition against appellee. Having plead his cause of action against the railroad company, and having received compensation on his own agreement in satisfaction of his damages, he is now estopped to deny the facts of the cause of action plead by him against the railroad company.

Appellant made no point against the constitutionality of Sec. 6a, Art. 8307, R.C.S., in the lower court nor in his original brief; in an argument filed after submission, he makes the suggestion that this section of Art. 8307 is unconstitutional. In our judgment, the point is not before us, but that appellant may have the benefit of his proposition as advanced in his supplemental argument, filed after submission, we here enter our conclusion, without argument, that Sec. 6a, Art. 8307 is constitutional.

The judgment of the lower court is affirmed.