## SANDAGE v. TRADERS & GENERAL INS. CO.

### No. 5144.

Court of Civil Appeals of Texas. Amarillo.

April 8, 1940.

Rehearing Denied June 3, 1940.

James O. Cade, of Amarillo, for appellant.

Simpson, Dorenfield & Fullingim, of Amarillo, for appellee.

FOLLEY, Justice.

This is a workmen's compensation suit in which the appellant, Shirley Sandage, was the employee, C. S. Lambie & Company the employer, and the Traders & General Insurance Company the appellee and insurer. At the close of appellant's testimony the trial court peremptorily instructed the jury against the appellant and in favor of the appellee. The reason assigned by the court for such instruction was the failure of the appellant to show good cause for not filing his claim with the Industrial Accident Board within six months after sustaining the injury.

The appellant was an apprentice carpenter. He alleged that on or about August 15, 1936, while he was making some repairs at Walgreen's Drug Store in Amarillo, Texas, under the direction of his employer, he stepped upon a ladder which slipped and turned with him throwing him through the air and seriously injuring his back. He further alleged that such injuries culminated in his total disability on December 15, 1938. The notice of the injury and the claim for compensation were each dated December 26, 1938 and were filed with the Industrial Accident Board on December 28, 1938, which latter date was two years, four months and thirteen days after the alleged accident. By his pleadings and testimony the appellant sought to excuse the belated

filing of the notice and claim by reason of the fact that he did not appreciate the severity of his injuries until December 15, 1938, when, according to his testimony, he stooped over to pick up an empty sack and collapsed helplessly to the ground since which time he asserts he has been totally incapacitated.

The facts upon the issue of good cause are uncontroverted. The testimony shows that when the ladder slipped with the appellant on August 15, 1936 he caught on the top of the building with one arm and held himself in such manner until his fellow employee corrected the position of the ladder whereupon he descended to the floor. He immediately felt a severe pain in his hip joints and back bone. He remained on the job, however, the remainder of the day and for four or five days thereafter but he was conscious during such time that he had received an injury. Upon his going home the night after he was injured in the afternoon his wife examined and massaged his back and noticed that his back was swollen on the right side. Appellant at the same time reached his hand behind his back and felt a knot at the point of the inflammation. After working four or five days from the time of his injury for C. S. Lambie & Company he either quit or was laid off. Immediately thereafter he worked a half day for another contractor but was physically unable to work longer on account of the injuries he had received on August 15th. About ten days after the accident his back was hurting him so badly he was compelled to go to bed where he remained for a week except at intervals when he went to see Dr. Roach who was a chiropractor. Dr. Roach examined and treated him. The appellant told the doctor that he had fallen on a ladder and hurt his back. The doctor examined him thoroughly and told him his opinion was that some of the vertebrae of appellant's spine had been dislocated. After being treated about a week the appellant went back to work and worked for various contractors until about September, 1937 when he moved to a ranch in New Mexico where he was at the time he stooped over to pick up the empty sack on December 15, 1938. During the year following the accident while he worked in Amarillo his back pained him continuously and especially while he was on the job. He was also afflicted with headaches for some time. For six months after his injury he noticed pain in his back each night and knew it was caused by his slipping on the

ladder. He complained to his foreman day after day through August, September, October and November of 1936 about his back hurting him as a result of his fall. He thought about filing a claim and talked to a fellow employee in regard thereto soon after the accident occurred but did not do so because he was under the impression that compensation was not payable so long as an employee was able to work. He further claimed that he did not realize how seriously he was injured until December 15, 1938 when he collapsed on the ranch in New Mexico. He knew then he was totally incapacitated but did not know why he waited thirteen days thereafter before filing his claim with the Industrial Accident Board.

Under the above facts we think as a matter of law the appellant failed to excuse his failure to file his claim within the first six months following his injury and further failed to plead or prove continuing good cause thereafter up to the time the claim was filed. Indemnity Ins. Co. of North America v. Williams, 129 Tex. 51, 99 S.W. 2d 905; Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088. If the testimony of the appellant was true in regard to his failure to fully realize the seriousness of his injuries, we think he certainly had enough information in this respect to have warranted a reasonably prudent person to have done so. From the very moment of the accident he suffered severe pains in his back. His back was swollen on the night after his injury and there was a large knot on the right side. He was barely able to work for the next few days and was finally compelled to go to bed for a week or more. The doctor of his choice informed him that some of the vertebrae of his spine were dislocated. It was with great difficulty that he was able to work for a year thereafter. His back was paining him constantly during such period. Although he said he was unable to work his testimony was that he worked in spite of his pain. Under such circumstances it is our opinion that reasonable minds could not differ on the proposition that the appellant knew, or by the use of reasonable diligence should have known, that he was disabled and that he had a claim for compensation that should have been filed. We therefore sustain the trial court's action in directing a verdict for the insurance company. General Accident Fire & Life Assur. Corporation, Limited, v. Martin, Tex. Civ.App., 110 S.W.2d 258; Cunningham v.

Fidelity & Casualty Co. of New York, Tex. Civ.App., 102 S.W.2d ·1106; Odom v. Indemnity Ins. Co. of North America, Tex. Civ.App., 111 S.W.2d 1143; Texas Indemnity Ins. Co. v. Hayes, Tex.Civ.App., 106 S. W.2d 760; Holloway et al. v. Texas Indemnity Ins. Co., Tex.Com.App., 40 S.W. 2d 75; Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053.

The judgment is affirmed.