## MARYLAND CASUALTY CO. v. PERKINS.

### No. 2147.

Court of Civil Appeals of Texas. Eastland.
May 23, 1941.

Rehearing Denied June 13, 1941.

648

Smith & Eplen, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

## FUNDERBURK, Justice.

R. L. Perkins, employee of R. J. Reynolds Tobacco Company, of which latter Maryland Casualty Company was compensation insurance carrier, received an accidental injury, a hernia, while engaged in the course of his employment, on July 24, 1939. Said injury resulted in alleged total and permanent disability, beginning on or about March 8, 1940. On March 25, 1940, claim for compensation was filed with the Industrial Accident Board. Said Board having made its award, the case was duly taken into court. In a jury trial, the issues having been found in favor of the employee, judgment was rendered accordingly award-ing him compensation for 78 weeks' total disability, at $20 per week. From this judgment the insurance carrier has appealed.

For brevity, the appellant may be designated as "Insurer", and appellee as "Employee."

■ The Employee, having been injured on July 24, 1939, and having filed claim for compensation on March 25, 1940, was not entitled, under the law, Vernon's Ann.Civ. St. art. 8307, § 4a, to compensation, unless he pleaded and proved "good cause" for not filing claim within six months after the date of the injury and thence existing up to the time the claim was filed.

As the Insurer construes the proceedings, two grounds were relied upon as constituting such "good cause." One, in substance, was the belief of the Employee induced by what he had been told by other servants or officers of the Employer Company that said Company did not carry compensation insurance. The other was to the effect that the Employee, following the injury, suffered no material disability until March 8, 1940, at which time he got in touch with his Employer to ascertain if it had made provision for compensation insurance and being advised on March 23, 1940, that the Employer carried such insurance, filed claim immediately (March 25, 1940).

■ Whether the Employee meant to allege more than one distinct "good cause" for his failure to file claim for compensation prior to March 25, 1940, we are disposed to assume, in the absence of any challenge of the sufficiency of the pleadings, that "good cause" was sufficiently pleaded as consisting of the absence of any disability prior to about the time the claim was filed. Under the undisputed evidence the injury, if any, occurred on or about July 24, 1939. The jury, in effect, found that no disability resulted from such injury until April 20, 1940, at which time total disability ensued and continued for 78 weeks. The finding to the effect that from July 24, 1939, the date of the injury, until April 20 or 24, 1940, the date of the Employee's operation for hernia, he was not even partially disabled seems to be in accordance with the undisputed evidence.

■ In our opinion, when an Employee receives an injury which results in no compensable disability until after six months from the date of the injury, he has, as a matter of law, "good cause" for not filing

claim for compensation until some compensable disability has resulted. In Safety Cas. Co. v. Walls, 117 S.W.2d 879, 883, we said: "In our opinion there is always good cause for an employee to delay the filing of a claim for compensation up to the time incapacity or some material impairment of capacity results from the injury." In Jones v. Texas Emp. Ins. Ass'n, 128 Tex. 437, 99 S.W.2d 903, 904, the contention of the plaintiff-in-error was stated to be "that since the jury has found that the total incapacity for work which he suffers began May 8, 1932, no cause of action in that respect accrued to him before then, therefore he was not required to file a claim with the board before said date." In one sense, this contention was sustained and it so happens that it was in the sense material to the present inquiry. The court said: "This is true for the reason that the state of facts thus established shows good cause for his failure to file a claim with the board prior to said date  *  *  *."

Being of the opinion that good cause was shown conclusively, it is unnecessary to determine whether independently thereof, good cause was also shown based upon the Employee's belief, induced in the manner alleged, that his Employer did not carry compensation insurance.

As its second ground of error, the Insurer presents the proposition that "plaintiff having sued for 39 weeks and two days total incapacity existing prior to April 24, 1940 and for only 26 weeks subsequent to April 24, 1940, and the jury having found that no incapacity whatever commenced prior to April 20, 1940, there are no pleadings and no findings by the jury to support any recovery for the plaintiff exceeding the period of 26 weeks and the District Court erred in entering judgment for the plaintiff for 78 weeks." The Employee, in part, alleged that "He was operated on for hernia on April 24, 1940, and by reason of said hernia he is entitled to compensation for total disability from the date of his said injury on July 24, 1939, to April 24, 1940, or a period of 39 weeks and two days, and by reason of the fact that said hernia was sustained and an operation had on April 24, 1940, this plaintiff is entitled to an additional 26 weeks compensation, or a total of 65 weeks and two days, at the rate of $20 per week, or a total of $1305.71."

If the judgment necessarily depends upon the above quoted allegations for support in the pleadings, then it would seem that Insurer's said proposition would have to be sustained. Under the evidence there was no disability from July 24, 1939 to April 20 or 24, 1940. Only 26 weeks additional being claimed, the pleading would have the effect to limit recovery to such 26 weeks, and, therefore, would not authorize the recovery of compensation for 78 weeks, or any amount exceeding 26 weeks. But, we think, the judgment is referable to an alternative plea. Under that plea, contrary to the above, there was no disability claimed as existing prior to March 8, 1940, after which date total and permanent disability was claimed. True, the evidence, as also the verdict of the jury, did not sustain the pleading as to disability from March 8, 1940, to April 20, 1940. Allegations that disability began on March 8, 1940, and was total and permanent were, however, sufficient to support judgment awarding compensation for 78 weeks from and after April 20, 1940, as found by the verdict of the jury.

It is, therefore, our conclusion that no material error in the proceedings of the court below has been shown; that the judgment should therefore be affirmed, and it is accordingly so ordered.