## TEXAS FIRE & CASUALTY UNDERWRITERS v. SEARL.

### No. 5378.

Court of Civil Appeals of Texas. Amarillo.

Jan. 19, 1942.

Rehearing Denied Feb. 16, 1942.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Napier & Napier, of Wichita Falls, for appellee.

STOKES, Justice.

Appellee, J. C. Searl, received an injury on July 28, 1937, while employed by J. C. Hodges at Borger, in Hutchinson County, and filed this suit in the nature of an appeal from the ruling of the Industrial Accident Board upon his claim for compensation under the Workmen's Compensation Act, Arts. 8306 et seq., R.C.S.1925, Vernon's Ann.Civ.St. art. 8306 et seq. The principal defense offered by appellant was that no claim for compensation was filed by appellee until May 16, 1940, and no good cause for such delay was shown; that because of the delay in filing his claim, the court did not have jurisdiction of the cause of action and that, under the provisions of Sec. 4a, Art. 8307, R.C.S., appellee was not entitled to recover.

The case was submitted to a jury and, based upon their findings in response to special issues submitted to them, the court rendered judgment in favor of appellee for the sum of $1,044 accrued and unpaid installments to February 20, 1941, and for the further sum of $5.60 per week for the remaining period of 115 weeks, all of which being compensation calculated upon a basis of 33⅓% disability by reason of the injury as found by the jury.

Appellant contends in this appeal, as it did in the trial court, that appellee's claim was barred and he was not entitled to recover thereon because he did not file his claim for compensation until May 16, 1940, long after the expiration of six months following his injury on July 28, 1937, and that no good cause was shown for the delay, as required by Sec. 4a of the article above mentioned. Before the case was submitted to the jury appellant urged a motion for a peremptory instruction, which was overruled, and the question of whether or not the court erred in overruling the same is the controlling question here.

There is no contention that appellee did not receive an injury while employed by J. C. Hodges as alleged by him, nor that appellant was not the compensation insurance carrier for Hodges. Sec. 4a of Art. 8307 provides that, if the association or subscriber does not have knowledge of the injury, no proceeding for compensation shall be maintained unless notice of the injury shall have been given to the association or subscriber within thirty days after the injury and unless a claim therefor shall have been made within six months thereafter. It further provides that, for good cause, the Board may, in meritorious cases, waive strict compliance with the limitations therein provided as to notice and the filing of the claim before the Board. Appellee testified that, before he received the injury on July 28, 1937, he had never been affected in the manner in which he was thereafter. He said that his principal trouble was shortness of breath; that he choked

down as a result of any material exertion of his body and muscles and could not get his breath; that after performing the slightest exertions he would have great difficulty in filling his lungs, and that if, for instance, he pushed a lawn mower as much as twenty feet, it would take him twice as long to regain his breath as it did to push the lawn mower. Other conditions of disability were detailed by him and he said that the conditions had existed ever since he was hurt. The only reason given by him for not filing his claim with the Industrial Accident Board within six months after the injury was that three or four days after he was injured Mr. Hodges, his employer, told him that whenever he felt able to return to the shop, he might do so and attend to light duties until he had completely recovered. He said that he did return to the shop soon after his injury and performed light services, such as making out bills, assisting in keeping the books, receiving the work brought into the shop, and other duties which required little physical exertion. For this work Mr. Hodges continued to pay him his original wages until the 15th of July, 1938, when the business of the shop became depleted to the extent that he felt his employer did not further need his services. He said, furthermore, that he needed a rest and he thereupon left Borger and returned to Iowa Park where he had formerly lived. After he returned to his former home Mr. Hodges wrote him several letters and visited with him on two or three occasions when he was passing through Iowa Park. He said that in these letters and also upon the occasion of each of the visits Mr. Hodges told him that, just as soon as the work in the shop increased and business got better, he wanted appellee to return to Borger and resume his former employment. He said that, at Mr. Hodges' request, he kept in touch with Mr. Hodges through all of the time until in May, 1940, when he made up his mind that Mr. Hodges was not serious in his assertions that when business got better he would re-employ appellee and immediately thereafter he filed his claim with the Industrial Accident Board. He said that during all of the time prior thereto, he believed what Mr. Hodges had said; that he relied upon his assertions and promises and that was the reason he did not file his claim for compensation prior to May 16, 1940. The testimony showed, without controversy, and the jury found, that the promises made to appellee by Mr. Hodges constituted the cause of plaintiff's failure to file his claim for compensation before it was filed and appellee does not claim nor contend there was any other reason therefor.

We are of the opinion that the reasons given by appellee for his failure to file his claim with the Industrial Accident Board within six months after he received the injury are not sufficient as a matter of law to constitute good cause for such failure as contemplated by the statute. He does not claim that he was unaware of the extent of his injuries nor that anything was done by his employer or appellant to prevent him from filing, or to induce his failure promptly to file his claim. He testified very positively that the conditions resulting from the injury and which disabled him had existed continuously from the time he was injured until the case was tried. During all the time that elapsed between July 28, 1937, the date he received the injury, until May 16, 1940, when he ultimately made his claim for compensation, a period of almost three years, he knew he had received the injury, the extent thereof, and that his disability had resulted therefrom. The fact that Mr. Hodges promised him from time to time that he would restore his employment as soon as business improved could not have prevented the filing of appellee's claim with the Industrial Accident Board and we conceive of no reason why it should or could in any manner have affected his actions in that respect. Indemnity Ins. Co. of North America v. Williams, 129 Tex. 51, 99 S.W.2d 905; Sandage v. Traders & General Ins. Co., Tex.Civ.App., 140 S.W.2d 871; General Accident Fire & Life Assur. Corp. v. Martin, Tex.Civ.App., 110 S.W.2d 258; Holloway v. Texas Indemnity Ins. Co., Tex.Com.App., 40 S.W.2d 75; Scott v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 118 S.W.2d 354.

In our opinion, the court erred in refusing to give to the jury the peremptory instruction requested by appellant and because of the error, the judgment must be reversed. The case was fully developed upon the trial and we conceive of no benefit that could accrue to any of the parties from another trial. Judgment will be here rendered, therefore, that appellee take nothing by his suit and that he pay the costs accrued here and in the trial court.