R. W. MOORE, Appellant,

v.

The TRAVELERS INSURANCE COM-
PANY, Appellee.

No. 15377.

United States Court of Appeals
Fifth Circuit.

June 24, 1955.

Edward W. Napier, Wichita Falls, Tex., for appellant.

David M. Kendall, Jr., Dallas, Tex., Harold Jones, Jones, Parish & Fillmore, Wichita Falls, Tex., for appellee.

Before RIVES, Circuit Judge, and DAWKINS and DE VANE, District Judges.

DAWKINS, District Judge.

Plaintiff appeals from a verdict and judgment below rejecting his claim under the Workmen's Compensation Law of the State of Texas, Vernon's Ann.Civ.St.

art. 8306 et seq., against the insurer of his employer, Electra Motor Company. He assigns as error the inadequacy and incorrectness of the Court's charge in two respects: (1) good cause for not filing the claim within the time prescribed by law being grounded upon the fact that no disability arose until about the time the claim was filed, plaintiff's admitted awareness that he was hurt could not deprive him of his claim of good cause;[1] and (2) there being evidence of some disability, although the plaintiff continued to receive some wages, the court erred in charging the jury that the plaintiff could not "get Texas compensation at the same time while he receives wages; that would make him get double recovery, don't you see?"

The complaint alleged he was injured on January 25, 1952, but that his claim was not filed with the Compensation Board until November 15, 1954. The Texas law requires prompt notice of such injuries to the employer, and that the claim for compensation be filed within six months following injury, except for good cause. As to notice, appellant alleged the employer knew of his injuries immediately, as to which there seems to be no question, and that he filed his claim with the Board as soon as he had reason to believe that he had been seriously injured.

The case was tried to the jury mainly upon the point as to whether appellant had "good cause" for not filing the claim

1. As to "good cause". the judge told the jury:

"Now, if you believe that during that time he knew he was hurt but did not give the notice required by the statute, then your verdict would be for the defendant, because he is not entitled to recover anything if you find he would be entitled to recover if he had given the notice. But, the statute says that the Board, which is you, in this particular case, may determine whether he had a good cause for not giving the notice required by the statute

"If you find that he did have a good cause for not giving the notice then he would be entitled to recover.

"If you find that he did not have such good cause then he would not be entitled to recover.

"I charge you, Gentlemen, that the good cause is that cause which a reasonable man would know from what he was suffering, if any at all.

"Was his back still hurting him?

"What made him think he was going to get well?

"He says he got hurt in January, 1952, did not give any notice until 1954.

"Now, you determine whether he had good cause for not giving the notice earlier.

"If you find that he did not have good cause then the defendant would be entitled to a verdict at your hand on that issue."

within the delay provided by the statute. Appellant contends that he proved good cause within the intendment of the law, but that his claim was rejected by the jury because of the erroneous and incomplete charges of the Court, as to which he duly excepted. The two points dovetail and will be considered together.

It appears from the quoted excerpt (footnote 1) the court told the jury in substance that if the appellant knew he was hurt following the accident and failed to file his claim within the six-month period required by the statute their verdict would be for the appellee. No attempt was made to explain to them what was meant by "hurt" or the extent of the injuries necessary to require filing the claim within the six-month period, under the decisions of the Texas courts, by which they could be guided in determining whether he had good cause for the long delay.

■ The record shows that appellant was employed as a salesman by Electra Motor Company, an automobile dealer, and the circumstances out of which he claims to have been injured arose from a collision with another automobile. Except for first aid treatment and an examination by his doctor he continued to work without diminution of his pay until about the time his claim was filed with the Board, and as a witness he testified in substance that he did not believe he had been sufficiently injured to impair his earning power before that time. There was also corroborative evidence to support this contention and it would appear this presented an issue of fact for the jury under proper instructions. Travelers Insurance Co. v. Richmond, Tex.Com.App., 291 S.W. 1085; Safety Casualty Co. v. Walls, Tex.Civ.App., 117 S.W.2d 879; Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W. 2d 80; Maryland Casualty Co. v. Perkins, Tex.Civ.App., 153 S.W.2d 647; Traders & General Insurance Co. v.

Wilder, Tex.Civ.App., 186 S.W.2d 1011; Aetna Casualty & Surety Co. v. Rhine, 5 Cir., 152 F.2d 368.

■ In the latter portion of the charge quoted as to alleged error No. 1, the court posed certain questions as to tests for the extent of the injuries received, but these were not sufficient to bring home to the jury the point that if the appellant honestly believed his injuries were not sufficient, to support a claim for compensation, under such circumstances in which a reasonable man would have been justified in so believing, then they might find he had "good cause" for not filing his claim earlier than he did. In the language used in both alleged errors, the Court also entrenched considerably upon the jury's prerogative of finding the facts without, at the same time, telling them they were not bound thereby but were required to decide the issues of fact for themselves. This practice of emphasizing the facts in a manner to impress the jury as to what the judge thought them to be also appears in the portion of the charge under point No. 2. While of course appellant could not claim compensation for such of the time as he was drawing full pay for his services, this did not prevent his proving he worked under conditions which normally should not have been done, as a part of the whole evidence to support his claim that he had in reality been injured in a manner and to the extent which, under the statute, justified his being paid compensation for the future. See authorities cited above.

Having thus concluded that the portions of the charge complained of were both inadequate and erroneous in the form in which they were given, the verdict and judgment are set aside and the cause remanded for further proceedings *not inconsistent with the views herein expressed.*

Reversed and remanded.