**Grady Lee DERR, Appellant,**

v.

**ARGONAUT UNDERWRITERS INSURANCE COMPANY, Appellee.**

No. 10796.

Court of Civil Appeals of Texas.

Austin.

Oct. 19, 1960.

Rehearing Denied Nov. 2, 1960.

Carter, Gallagher, Jones & Magee, Morton A. Rudberg, Dallas, for appellant.

L. W. Anderson, Dallas, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the Trial Court granting an instructed verdict in a suit filed by appellant against appellee to recover benefits under the Texas Workmen's Compensation Insurance Act, V.A.T.S. Insurance Code, art. 5.55 et seq.

The trial was had with the aid of a jury and after plaintiff had closed his case and rested and prior to defendant's submission of any testimony, defendant filed a motion for an instructed verdict which was granted by the court.

The motion for instructed verdict, in substance, alleged that plaintiff had not proved that he had good cause for not filing his claim in time, and that plaintiff had filed a third party action and thereby abandoned his rights to Workmen's Compensation by filing a common law action against a third party.

The appeal is based on two points assigned as error and read as follows:

"1. The Trial Court erred in instructing a verdict in favor of the Defendant for the reason that the Plaintiff had produced some evidence of good cause for the late filing of his claim for compensation.

"2. The Trial Court erred in instructing a verdict in favor of the Defendant for the reason that the Plaintiff had not made an election to abandon his rights to workmen's compensation benefits."

Plaintiff alleged that on June 27, 1956 he was employed as a truck driver for the Refrigerated Transport Company driving a trailer type truck and that his employer had in force a policy of Workmen's Compensation Insurance with the defendant, and that during the early morning of June 27, 1956, plaintiff was involved in a highway accident while in the course of his employment and was seriously injured, resulting in hospitalization for a long period and received medical treatment, the total hospital and medical bills aggregated $4,370.08, all of which were paid by defendant. That on March 7, 1958 the defendant notified the hospital that it would not be liable for future bills.

Plaintiff's employer paid him wages during the time he was unable to work.

Plaintiff employed attorneys in December, 1957 to represent him in his common law claim for damages against Earnest Lloyd, a third party. Conversations were had with reference to a nonwaiver of plaintiff's compensation rights. No waiver was ever secured.

The suit against Lloyd, a third party, was filed on February 5, 1958. The attorneys sent a copy of the petition to Tom Flynn, an employee of the Stoddard Smith Agency, the defendant's general agent in Texas. Stoddard Smith informed K. L. Breeden, who testified that he was in charge of handling Workmen's Compensation matters at

Refrigerated Transport Company, that defendant would not consent to plaintiff pursuing the third party common law action, and took the position that plaintiff had abandoned his compensation rights; following the receipt of such information plaintiff filed his claim for Workmen's Compensation on March 15, 1958 and nonsuited in his pending third party action.

Appellee admits that plaintiff was injured and the payment of $4,370.08 for medical and hospital expenses up until January 31, 1958, and believing that plaintiff had a good cause of action against the third party, and also not desiring to raise their rates, plaintiff's employer instructed the defendant not to make any payments for compensation benefits.

■ The fact that appellant's employer paid the employee wages does not, as a matter of law, constitute good cause for late filing of his claim.

Texas Employers' Insurance Association v. Doss, Tex.Civ.App., 301 S.W.2d 473, er. ref. and cases cited therein.

■ The primary point for consideration by this Court is whether under the facts before the Trial Court there was any evidence of good cause for plaintiff's failure to file his claim for Workmen's Compensation within six months after the occurrence of his injuries.

Article 8307, Sec. 4a, Vernon's Ann.Civ. St., provides that a claim for compensation should be made within six months after the occurrence of the injury, but it is provided in the Article that "for good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board" and it must be also shown that the event which is asserted to constitute good cause for the late filing of a claim continue up to the time the claim is in fact filed.

Consolidated Casualty Ins. Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299.

We then will determine if the payment of medical expenses arising as a result of the injuries through January 31, 1958 totaling $4,370.08 and subsequent refusal to make further payments, and that plaintiff knew that defendant was paying the medical expenses, constitute some evidence on which a person of ordinary prudence under the same or similar circumstances would have exercised, and had used the degree of diligence required in prosecuting his claim with ordinary diligence. If there is some evidence of good cause up to the time of filing the claim, the fact issue should be submitted to a jury to find if the plaintiff was justified in his belief that it was not necessary for him to file his claim earlier than he did.

The Compensation Act provides for care and medical treatment of injured persons, and is not limited to weekly payment for lost time or disability and for payment of such medical treatment and hospital services. Defendant would not be liable for medical payments unless liable for compensation payments.

The defendant, appellee herein, says that the question of medical payments alone as constituting good cause is rather a new and novel proposition and that appellee has not been able to find any cases directly in point, but that in this instant case defendant was not only discharging its obligation under the policy by payment of additional medical payments, but was also discharging its liability under an endorsement on the policy providing for a greater amount of medical payment and an additional premium of $15.00 collected. The endorsement is as follows:

"It is agreed that:

"I. In addition to any medical benefits provided in the Texas Workmen's Compensation Law, the company will also pay the reasonable cost of any additional medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines which in the opinion of the company

are reasonably necessary for the treatment of bodily injury sustained by any person who is entitled, on account of such injury, to the compensation and other benefits required of the insured by such law and afforded by the policy under coverage A or who is entitled to such benefits under other terms of the policy."

Defendant takes the further position that if it be assumed that payment of medical expenses does constitute good cause, that such good cause must exist up to the very date the claim is filed with the Board; but that the evidence showed that the last medical services furnished to plaintiff and paid by defendant was on January 31, 1958, and such could not constitute good cause up until the date the claim was filed on March 15, 1958.

In the common law action filed by Derr et al., plaintiffs, against Earnest Lloyd in the District Court of Bell County on February 5, 1958, the Argonaut Underwriters Insurance Company filed its plea of intervention on March 10, 1958 seeking to recover the sum of $4,370.08, and alleging in part:

"II. At the time of injury of Plaintiff hereinbefore mentioned, Refrigerated Transport, Inc., of Texas, was a holder of a duly executed, issued and delivered policy of Workmen's Compensation Insurance issued and delivered to it by Intervenor Argonaut Underwriters Insurance Company.

"III. By reason of the injury sustained by Grady Lee Derr in the course of his employment with Refrigerated Transport, Inc., of Texas, during the period covered by the policy of Workmen's Compensation insurance issued to the Refrigerated Transport, Inc., of Texas, by Intervenor, Argonaut Underwriters Insurance Company, as hereinbefore alleged, Intervenor Argonaut Underwriters Insurance Company became liable to pay and did pay Workmen's Compensation benefits by way of hospital and medical expenses in the total amount of Four Thousand Three Hundred Seventy Dollars and Eight Cents ($4,370.08)."

Article 8306, V.A.C.S., Sec. 6, 7, 7a and 7b, set out in detail medical benefits accruing to an injured employee covered by the Workmen's Compensation Act.

We believe that the payment of an injured employee's medical bills in large amounts and over an extended period of time, as was done in this case, raises the issue of good cause.

As has been stated, good cause for failure to file a claim with the Board is ordinarily a question of fact.

Texas Employer's Ins. Ass'n v. Crain, Tex.Civ.App., 259 S.W.2d 905, er. ref., N.R.E.; Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370.

■ The short period of time elapsing between the time plaintiff was notified that defendant would not be liable for further medical payments would not in itself defeat plaintiff's claim but would be a matter for the jury's consideration.

As has been noted, the defendant notified the hospital on March 7, 1958 that it would not be liable for medical payments, such information was received by plaintiff on March 11, 1958 and the claim was made on March 15, 1958.

■ Appellant takes the position that the Court erred in instructing a verdict for the reason that plaintiff had made an election to abandon his rights to compensation benefits.

On February 5, 1958 plaintiff filed a common law action for damages in Bell County against Earnest Lloyd, a third party. Lloyd answered and filed his plea of privilege to have the cause transferred to Tarrant County and the defendant intervened to recover compensation benefits it had paid. Lloyd by agreement withdrew

his plea of privilege as to Derr and Derr nonsuited on March 18, 1958, and the plea of intervention was transferred to Tarrant County.

Thereafter on June 10, 1958, Derr again filed suit against Lloyd and Argonaut filed a plea of intervention. On February 13, 1959 Derr nonsuited in the second common law action against Lloyd.

On May 6, 1959 Derr sued the Argonaut Company, which company filed a plea in abatement stating that by the filing of the two previous suits against Lloyd that Derr had made a binding election to pursue his common law remedy and was barred from prosecuting his claim for Workmen's Compensation benefits. Derr denied under oath that he had pending any third party actions. The Trial Court overruled the plea, but later reversed his ruling.

Section 6a of Article 8307 provides that an injured person may, at his option, proceed against some person liable for such injury, or against the Association but not against both and that an election to proceed against such person other than the subscriber, then he shall not be entitled to compensation.

The question is: Did the plaintiff Derr "elect to proceed at law?" We do not believe that plaintiff has elected to proceed at law, within the judicial meaning of that phrase.

At the time the plea in abatement was sustained the plaintiff did not have pending a third party suit, and the filing and nonsuits in the cases did not amount to an election of remedies. The plaintiff did not proceed to judgment based on a trial, and there is no showing that defendant, appellee herein, has sustained any character of damage or injury by reason of the prior proceedings, or that Derr received some benefit under the same.

Stowell v. Texas Employers' Insurance Company, Tex.Civ.App., 259 S.W. 311, no writ history, is cited by appellant as is Employers' Indemnity Corporation v. Felter, Tex.Com.App.1925, 277 S.W. 376, 377.

Since appellee intervened in the third party suits it was not damaged in being unable to subrogate itself to Derr's cause of action.

Appellee cites Fort Worth Lloyds v. Essley, Tex.Civ.App., 235 S.W.2d 700, er. ref. In this case the plaintiff had pending a third party action at the same time that he prosecuted his claim for Workmen's Compensation through the Board, and during his appeal to the District Court. In the instant case Derr had nonsuited in his third party actions prior to filing his claim with the Board.

The appellee contends that its rights to subrogate will be impaired now because more than two years have passed since the date of appellant's injury and will be subject to plea of limitations against the third party, Lloyd, when it attempts to recover its losses.

We believe that limitation against a negligent third party does not begin to run against the carrier until it had assumed the payment of compensation.

Fidelity Union Casualty Company v. Texas Power & Light Company, Tex.Civ.App., 35 S.W.2d 782, er. ref.; Texas Employers' Insurance Association v. Texas & Pacific Railway Company, Tex.Civ.App., 129 S.W. 2d 746, writ dism., correct judgment.

The scope of review of an appellate court in which a verdict has been directed is set out in 4 Tex.Jur.2d Sec. 835, as follows:

"In reviewing the propriety of trial court action in granting a summary judgment or in directing a verdict, the reviewing court will examine the entire record for error. It must examine all the testimony in the case that is relevant to the issue, and consider the evidence in the light most favorable to the losing party, disregarding all conflicts and indulging in every intendment reasonably deducible from the

evidence in favor of the Appellant. * * *

"In reviewing the propriety of an instructed verdict for Defendant, the controlling question is whether there is any evidence in the record which, when considered by itself, would, if accepted by the jury, have raised an issue of fact that would have supported a judgment in favor of Plaintiff. * *"

The judgment of the Trial Court is reversed and the cause remanded for a new trial.

Reversed and remanded.