## TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

## A. J. MATEJEK, Appellee.

### No. 70.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 27, 1964.

Rehearing Denied Sept. 24, 1964.

Ben L. Reynolds, of Royston, Rayzor & Cook, Houston, for appellant.

George B. Huckeba and C. B. Stanley, Houston, for appellee.

SHARPE, Justice.

This is a Workmen's Compensation case in which the sole issue is whether appellee established good cause for failure to file a claim for compensation within six months from the date of his injury. Canadian Gulf Line was the employer, A. J. Matejek, appellee, the employee, and Texas Employer's Insurance Association, appellant, the insurance carrier.

In the trial court appellee recovered judgment, based upon a jury verdict, for $11,-956.00, representing 366 ⅔th weekly installments of $35.00 each, beginning October 9, 1961, redeemable by lump sum payment in said amount.

The jury found, among other things, that appellee sustained an accidental injury in

the course of his employment on or about January 31, 1961; that such injury was a producing cause of total incapacity which began on October 1, 1961; that such total incapacity was permanent; and that the continued employment of A. J. Matejek at the same wages received by him before such injury constituted good cause for his failure to file a claim for compensation with the Industrial Accident Board before October 3, 1961. A correct definition of "good cause" was submitted along with the last-mentioned issue.

The evidence on the issue of "good cause" hereinafter set out, is taken from the testimony of appellee and will be considered in the light most favorable to his case. Appellee suffered an injury while employed at the Port of Houston, Texas, during the late afternoon of January 31, 1961, when he lifted a 72 pound box from a pickup truck. That same afternoon the employer's superintendent sent appellee to a doctor who did not examine him but gave appellee some pain pills and instructed him to return the next morning. The following morning the employer's superintendent, recommended to appellee that he go to see Dr. Platt, an osteopath. That same day Dr. Platt treated appellee and sent him back to work. Thereafter, appellee was treated by Dr. Platt for a period of eight months, at first every day, then three days a week, and then on two days a week. Appellee continued to work for the same employer without losing any time until he quit on the last day of September 1961. Appellee, during such eight month period of time, was unable to do the work which he had performed prior to his injury. He could not drive or sit in a truck. He could do only the lighter part of a mechanic's work which was his line of work before and after the injury. Another employee actually did the work under appellee's supervision after the accident of January 31, 1961. Hans Muller, the employer's superintendent, knew appellee was not doing his job right. At one time, Muller said he would recommend appellee to another doctor. On the day appellee quit work the superintendent complained to him about the condition of the towmotor machines and appellee quit work because he could not perform the same satisfactorily. Dr. Platt told appellee that his back would never get well, but that appellee could stay on the kind of work he was doing. The condition of appellee's back remained substantially the same all during the period of time he worked after the accident, and up to the time he quit work appellee did not expect his back to get any better.

The single reason relied upon by appellee for not filing his claim at an earlier date was that he had been continued in the same employment by his employer at the same wages earned prior to his injury.

In the light of the record herein the question for decision is as follows: Does the continued employment by the same employer of the employee at the same wages as were paid prior to the injury constitute good cause for the failure to timely file a claim for compensation when it appears that the employee is at all times after the accident fully aware that he is seriously injured?

We hold that under such circumstances, as a matter of law, good cause is not established. It is our opinion that reasonable minds could not differ on the proposition that appellee knew that he had suffered incapacity and that he had a claim for compensation which should have been filed within six months from the date of injury, as provided by Sec. 4a, Article 8307, Vernon's Ann.Tex.St. The evidence conclusively establishes that appellee suffered incapacity from the date of the accident and prior to October 1, 1961, the date found by the jury on which appellee's total incapacity began. Appellee, therefore, did not act as a reasonably prudent man would have acted in protecting his said claim. The trial court should have granted appellant's motions for instructed verdict, and, in any event, its motion for judgment non obstante veredicto. Indemnity Insurance Co. of North America v. Williams, 129 Tex. 51,

99 S.W.2d 905 (1937); Consolidated Casualty Insurance Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299 (1955); Young v. Safety Casualty Co., 168 S.W.2d 884 (Tex. Civ.App.1943, writ refused); Texas Fire & Casualty Underwriters v. Searl, 158 S. W.2d 865 (Tex.Civ.App.1942, writ refused); Sandage v. Traders & General Insurance Co., 140 S.W.2d 871 (Tex.Civ.App.1940, writ refused). See also Derr v. Argonaut Underwriters Insurance Company, 339 S. W.2d 718 (Tex.Civ.App.1960, wr. ref. n. r. e.); Texas Employers Insurance Association v. Doss, 301 S.W.2d 473 (Tex.Civ.App. 1957, wr. ref. n. r. e.); Texas Indemnity Insurance Co. v. Hayes, 106 S.W.2d 760 (Tex.Civ.App.1937, n. w. h.).

In Indemnity Insurance Co. of North America v. Williams, supra, it appeared that the injuries suffered by the employee to his hand and eye resulted at once, at the time of the accident, on July 17, 1925, in the incapacity for work which was thereafter claimed in the suit; that a few weeks after the accident Williams' employer gave him new employment at substantially the same wages as he had theretofore been receiving, which new employment involved much lighter work of a materially different character than that in which he was engaged prior to the accident; and that Williams continued to perform the duties of such new employment, until February 28, 1931, when he was discharged. The trial court incorrectly charged the jury that the period of incapacity in law was to be reckoned from the date of such employee's discharge or the termination of such employment. In connection with such charge, after referring to Section 12a of Article 8306, V.A.T.S., at page 906 of the opinion of 99 S.W.2d, the court said:

"Nothing can be found in the foregoing provisions to justify the charge given. Even if the jury had not found, as they did, that the incapacity suffered by Williams was limited to his hand and eye, but had found that he suffered a general injury of some character, from which his incapacity arose, still the fact

that he accepted the new employment, and continued to perform the duties thereof until he was discharged, would not even constitute good cause for his failing to file a claim with the board, within 6 months from the date of the injury, much less would such fact have legal effect to postpone the date his incapacity began."

In Williams it was also held that the judgment was erroneous because it allowed compensation for partial incapacity extending beyond the end of the period of 401 weeks from date of injury. Neither that holding nor the holding that continued employment alone cannot constitute good cause for the late filing of a claim for compensation, has been questioned in later cases.

Appellee, in support of his position that good cause was shown for the late filing of his claim, relies on the following cases: Jones v. Texas Employer's Insurance Association, 128 Tex. 437, 99 S.W.2d 903 (1937); Anchor Casualty Co. v. Beeler, 245 S.W.2d 303 (Tex.Civ.App.1951, wr. ref. n. r. e.); Zurich General Accident & Liability Insurance Co., Ltd. v. Chancey, 166 S.W.2d 966 (Tex.Civ.App.1942, wr. ref. w. m.); Maryland Casualty Co. v. Perkins, 153 S.W.2d 647 (Tex.Civ.App.1941, wr. ref. w. m.); Zurich General Accident and Liability Co., Ltd. v. Lee, 135 S.W. 505 (Tex. Civ.App.1939, n. w. h.); Texas Employers' Insurance Association v. Fowler, 140 S.W. 2d 545 (Tex.Civ.App.1940, writ refused); Fidelity & Casualty Co. of New York v. Ener, 97 S.W.2d 267 (Tex.Civ.App.1936, n. w. h.); and Maryland Casualty Co. v. Jackson, 139 S.W.2d 631 (Tex.Civ.App. 1940, wr. dism. J. corr.). Of such cases, Jones is the only Supreme Court decision, and Fowler is the only Court of Civil Appeals decision with writ of error unqualifiedly refused.

All of the cases relied upon by appellee can readily be brought within some ground which has been recognized as sufficient to show good cause for the late filing of a claim, with the possible exception of the

Jackson case. Such recognized grounds are either a good faith belief that the injuries were trivial and not serious, that the employee was misled by doctors or others as to the seriousness or the cause of his condition, that no actual incapacity was suffered within six months from the injury, or that the insurance carrier recognized its obligation and made payments to the employee and when same ceased claim was filed promptly thereafter.

In Maryland Casualty Co. v. Jackson, supra, the injury occurred on November 10, 1937. The employee continued the same employment until May 16, 1938, when he was discharged. His claim, dated May 17, 1938, was filed with the Industrial Accident Board on May 20, 1938. It thus appears that about six months and ten days elapsed from the date of injury to the filing of the claim. The court placed reliance on Jones in reaching its decision that good cause existed for the late filing of the claim. Examination of the opinion of the Court of Civil Appeals in Jones shows that good cause was present there because the claimant believed his injuries were not serious, based upon representations of doctors, and he did not realize the contrary until after the expiration of six months. So understood, Jackson is not in conflict with any of the cases heretofore mentioned. However, if Jackson cannot be reconciled on such basis, then, to the extent that it may appear to be in conflict with Williams and cases following the rule therein announced, we disagree with Jackson and place reliance upon Williams, and the other cases cited hereinbefore in support of our basic holding that good cause was not established in this case for the late filing of appellee's claim for compensation.

The failure of appellee to file his claim for compensation within six months from the date of his injury under the circumstances of this case precludes him from recovery.

The judgment of the trial court is reversed and here rendered in favor of appellant.