**Vinson W. HIX, Appellant,**

v.

**Gerald James GUILLOT and New York Underwriters Insurance Company, Appellees.**

**No. A14–89–1066–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 27, 1991.

Rehearing Overruled July 25, 1991.

Ross Asher, Houston, for appellant.

Gary L. Wickert, J. Scott Loras, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL, and MURPHY, JJ.

## OPINION

MURPHY, Justice.

This is a subrogation suit brought pursuant to former TEX.REV.CIV.STAT.ANN. art. 8307, § 6a.[1] New York Underwriters Insurance Company filed suit against appel-

---

1. Act of May 15, 1973, 63rd Leg., R.S., ch. 88, Tex.Gen.Laws 187, 193, *repealed by* Act of December 13, 1989, 71st Leg., 2d C.S., ch. 1, § 16.-01(10), 1989 Tex.Gen.Laws 1, 114. The sub-

lant, an alleged third-party tortfeasor, to recover sums which it paid to Gerald James Guillot as workers' compensation benefits. Following a trial before the bench, the court below entered judgment for appellees. In two points of error, appellant complains that the trial court erred in denying his motion for summary judgment and rendering judgment for appellees, because the subrogation action was barred by limitations. We reverse and render.

The facts of this case are not contested. On April 21, 1983, appellant was in an automobile accident with appellee Gerald James Guillot. At the time of the accident, Mr. Guillot was driving a vehicle owned by his employer, Conoco, Inc., and was acting within the scope of his employment. As a result of the accident, Mr. Guillot suffered injuries to his face and mouth requiring medical and dental treatment. Appellee New York Underwriters Insurance Company ("New York Underwriters") was the workers' compensation insurance carrier for Conoco, Inc., and it paid approximately $13,000.00 to Mr. Guillot as workers' compensation benefits.

On March 13, 1986, New York Underwriters brought this subrogation action against appellant in Mr. Guillot's name seeking to recover the sums it had paid as workers' compensation benefits. Appellant filed a motion for summary judgment asserting that the subrogation action was barred by the applicable two-year statute of limitations. The trial court denied the motion. Thereafter, appellees filed a motion for summary judgment which was also denied. The case was ultimately tried before the court upon stipulated facts, and a judgment was entered in favor of appellees.

■ The principal issue presented by this appeal pertains to when the statute of

limitations begins to run against a workers' compensation insurance carrier's subrogation claim against a third-party tortfeasor. Appellant relies principally upon cases from outside the realm of workers' compensation law in arguing that the statute of limitations begins to run on the date of the claimant's injury. In their brief,[2] appellees argue that the statute of limitations should begin to run on the date of the insurance carrier's final payment to the claimant. For the reasons stated below, we conclude that neither of these contentions is a correct statement of the law.

In 1972, the Texas Supreme Court noted in dicta the inherent "injustice" of the forced election of remedies required by the then existing workers' compensation law and urged the legislature to amend the statute in question. *See Campbell v. Sonford Chemical Co.*, 486 S.W.2d 932, 934 (Tex.1972). The court stated:

> We would strongly urge that the Legislature consider an amendment of Article 8307, Section 6a, to allow the injured workman to file a third-party action without thereby losing his compensation rights. The third-party rights should then be governed by Article 5526 [the two-year statute of limitations].

*Id.* In 1973, the legislature responded to the court's urging by amending article 8307, § 6a so as to allow an injured worker to simultaneously initiate a compensation claim and a suit against a third-party tortfeasor.

In *Burkhart v. Concho Industrial Supply, Inc.*, 549 S.W.2d 469 (Tex.Civ.App.—Austin 1977, no writ), the Austin court of appeals addressed the effect of the 1973 amendment on the statute of limitations for an injured worker's suit against a third-party tortfeasor. Expressly relying on the

stance of former article 8307, § 6a has been incorporated into the new Texas Workers' Compensation Act at Tex.Rev.Civ.Stat.Ann. art. 8308–4.05 (Vernon Supp.1991).

**2.** We note with displeasure that much of the substantive portion of appellees' brief in this case was copied without citation from a student-written note in the 1978 Baylor Law Review. *See generally* Note, *Worker's Compensation Third Party Actions and the Statute of Limitations,* 30 Baylor Law Rev. 377 (1978).

dicta in *Campbell,* the Austin court held that the statute of limitations on an injured worker's third-party claim begins to run on the date of the injury. *Id.* at 470. This court has also adhered to the dicta in *Campbell* and followed the holding of *Burkhart.* *See, e.g., Hawkins v. Kysor Industries Corp.,* 562 S.W.2d 565, 566 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

To date, however, no case has directly addressed the question of what effect, if any, the 1973 amendment had on preexisting common law rules regarding the running of the statute of limitations on an insurance carrier's subrogation claim against a third-party tortfeasor. It is clear that the 1973 amendment of article 8307, § 6a did not alter the statutory provisions regarding insurance carriers' subrogation rights. *See* Act of May 15, 1973, 63rd Leg., R.S., ch. 88, Tex.Gen.Laws 187, 193 (repealed 1989). Rather, the amendment only deleted various provisions which forced a claimant to elect between initiating a compensation claim or proceeding at law against a third-party tortfeasor. Likewise, we note that the supreme court's dicta in *Campbell* is not applicable to the facts of this case. *Campbell* only involved a claim by an injured worker, and the insurance carrier's subrogation rights were not at issue. *See Campbell v. Sonford Chemical Co.,* 486 S.W.2d 932, 933 (Tex. 1972).

The parties to this appeal have suggested that the issue presented by this case is one of first impression. However, the question at issue is one of first impression only if it is *assumed* that the 1973 amendment of article 8307, § 6a displaced prior case law on the issue of when the statute limitations begins to run on an insurer's subrogation claim against a third-party tortfeasor. For the reasons stated above, we find that such an assumption is not justified, and that this case can and should be decided consistent with prior decisions on the issue.

Prior to 1973, a number of Texas cases had developed a fairly well settled rule as to when the statute of limitations begins to run against a compensation carrier's third-party subrogation claim. In addressing the issue, courts distinguished between contested and uncontested cases. However, in both types of cases, courts consistently recognized that a carrier's right to subrogation is not an absolute one, but is contingent upon the happening of a future event, to wit, the carrier's payment or assumption of payment of funds to the injured worker. *See, e.g., Texas Employers Ins. Ass'n v. Brandon,* 126 Tex. 636, 640–41, 89 S.W.2d 982, 984 (1936).

In cases involving a contested claim, a compensation carrier's payment of funds to an injured worker is normally made in satisfaction of an award, judgment or settlement. Accordingly, courts have held that a compensation carrier's cause of action against a third-party tortfeasor in such cases does not accrue until the amount of the award made by the Industrial Accident Board is paid or assumed by the carrier or until the claimant obtains a final judgment in a court of competent jurisdiction against such insurance carrier. *Campbell v. Sonford Chemical Co.,* 486 S.W.2d 932, 934 (Tex.1972); *Texas Employers' Ins. Ass'n v. Texas & Pac. Ry. Co.,* 129 S.W.2d 746, 750 (Tex.Civ.App.—Eastland 1939, writ dism'd judgm't cor.); *Fidelity Union Casualty Co. v. Texas Power & Light Co.,* 35 S.W.2d 782, 783 (Tex.Civ.App.—Dallas 1931, writ ref'd).

In cases such as the one at bar, where a claim is uncontested, a compensation carrier may pay or promise to pay funds directly to an injured worker. Under such circumstances, the carrier's subrogation rights mature. Accordingly, it is well settled in Texas that a workers' compensation insurance carrier's cause of action against a third-party tortfeasor accrues in an uncontested case when compensation benefits have been *paid or assumed. See Texas Employers Ins. Ass'n v. Brandon,* 126 Tex. 636, 640–41, 89 S.W.2d 982, 984 (1936); *Warneke v. Argonaut Ins. Co.,* 407 S.W.2d 834, 838 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.); *Derr v. Argonaut Underwriters Ins. Co.,* 339 S.W.2d 718, 722 (Tex.Civ.App.—Austin 1960, writ ref'd

n.r.e.); *Yeary v. Hinojosa,* 307 S.W.2d 325, 330 (Tex.Civ.App.—Houston [1st Dist.] 1957, writ ref'd n.r.e.); *Texas Employers' Ins. Ass'n v. Texas & Pac. Ry. Co.,* 129 S.W.2d 746, 749 (Tex.Civ.App.—Eastland 1939, writ dism'd judgm't cor.). Thus, to determine when New York Underwriters' cause of action against appellant accrued in this case, we must determine when New York Underwriters paid or assumed to pay Mr. Guillot's claim for benefits.

The term "paid" has a well understood meaning and cannot be simplified by explanation. Although the same may be true of the word "assumed," Texas courts have endeavored to narrow the definition of the term as it is used in the context of article 8307, § 6a. *See Texas Employers' Ins. Ass'n v. Texas & Pac. Ry. Co.,* 129 S.W.2d 746, 749 (Tex.Civ.App.—Eastland 1939, writ dism'd judgm't cor.). Relying upon various authorities, the Eastland Court of Appeals concluded that "assumed" ordinarily means to adopt, to become bound or to promise to pay, *see id,* and at least one legal dictionary has cited the Eastland Court's opinion in defining the term "assume" as meaning "[t]o undertake; engage; promise," *see* BLACK'S LAW DICTIONARY 122 (6th ed. 1990). Based upon this line of reasoning, Texas courts have held that a compensation carrier *assumes* to pay benefits to an injured worker when it makes an initial payment and continues to make periodic payments thereafter. *See Buss v. Robison,* 255 S.W.2d 339, 343 (Tex.Civ.App.—Amarillo 1952, writ ref'd n.r.e.); *Texas Employers' Ins. Ass'n v. Texas & Pac. Ry. Co.,* 129 S.W.2d at 751.

In this case, it is not necessary for us to determine the precise date upon which New York Underwriters' assumed to pay benefits to Mr. Guillot and its cause of action against appellant accrued. New York Underwriters filed its subrogation suit against appellant on March 13, 1986. Since a compensation carrier's cause of action against a third-party tortfeasor is subject to the two-year statute of limitations, New York Underwriters' suit is barred by limitations if its cause of action against appellant accrued before March 13, 1984. *See Campbell v. Sonford Chemical Co.,* 486 S.W.2d 932, 934 (Tex.1972). In that regard, the record in this case reveals the following pertinent facts.

The injury for which Mr. Guillot received workers' compensation benefits occurred on April 21, 1983. New York Underwriters began paying benefits to Mr. Guillot on May 22, 1983 and continued making payments thereafter until June 29, 1984. During that period of time, New York Underwriters paid Mr. Guillot a total of $12,818.25 in fourteen periodic installments. The last payment made prior to March 13, 1984 and the beginning of the two-year limitations period was on March 2, 1984. As of that date, New York Underwriters had made eleven payments to Mr. Guillot totalling more than $8400.00. Under these facts, we believe it is clear that New York Underwriters had undertaken and assumed to pay benefits to Mr. Guillot by March 2, 1984. Accordingly, we conclude that New York Underwriters' cause of action for subrogation accrued on or before March 2, 1984 and hold that this suit against appellant is barred by the two-year statute of limitations.

Appellants first and second points of error are sustained. The judgment of the trial court is reversed, and judgment is rendered that appellees take nothing.