**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 13–91–435–CV.**

Court of Appeals of Texas,
Corpus Christi.

April 30, 1992.

Diego J. Pena, San Antonio, for appellant.

Elizabeth G. Neally, Brownsville, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr. and GERALD T. BISSETT [1], JJ.

## OPINION

NYE, Chief Justice.

Southwestern Bell Telephone Company appeals a $5,684.22 judgment reimbursing the school district for worker's compensation benefits it paid to an employee allegedly injured by Bell's negligence. The trial court originally directed a verdict for appellant but later vacated that judgment and let the trial continue. The court finally entered judgment for the school district. The court further awarded contribution and indemnity from the employee to appellant. Appellant raises seven points of error. It claims the school district's suit was barred by limitations, waiver, and release. It further argues that the evidence upon which the trial court based judgment is factually and legally insufficient. We reverse the trial court's judgment.

Norma Leal Gorena, a guidance counselor for the school district, injured herself when she fell over a pay phone appellant was repairing. Appellant is self-insured. It paid Gorena's expenses and medical bills for knee surgery necessitated by the accident. On April 7, 1987, Gorena signed a settlement and release with appellant for $9,600. Gorena assured appellant throughout this time that she had not, and would not, file a worker's compensation claim. However, Gorena did claim worker's compensation benefits from the school district, and she received them in addition to the compensation appellant paid her. The school district discovered the settlement between Gorena and appellant and pursued a subrogation claim, eventually ending in this suit.

By its first point of error, appellant claims that the trial court erred in overruling its directed verdict because the school district's subrogation claim was time-barred. The trial court found that the school district's cause of action accrued on the day Gorena executed the release with appellant—April 9, 1987. It denied appellant's motion for directed verdict because the school district filed suit within two years of that day, on April 5, 1989. We find that the trial court erred in denying appellant's motion for directed verdict. The school district's claim is barred by limitations.

Gov't Code Ann. § 74.003 (Vernon 1988).

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

In uncontested cases such as the one at bar,[2] the compensation carrier's right to subrogation accrues when compensation benefits have been paid or assumed. *Hix v. Guillot*, 812 S.W.2d 400, 402 (Tex. App.—Houston [14th Dist.] 1991, writ granted) (citing Tex.Rev.Civ.Stat.Ann. art. 8307, § 6(a) (Vernon Pamph.1992) (repealed)); *See also Buss v. Robison*, 255 S.W.2d 339, 343 (Tex.Civ.App.—Amarillo, 1952, writ ref'd n.r.e.). The compensation carrier "assumes to pay" benefits when it makes an initial payment and continues to make periodic payments thereafter. *Hix*, 812 S.W.2d at 403 (citing *Buss*, 255 S.W.2d at 343; *Texas Employer's Ins. Ass'n v. Texas & Pac. R.R. Co.*, 129 S.W.2d 746, 751 (Tex.Civ.App.—Eastland 1939, writ dism'd judgmt cor.)).

The trial court found, based upon the "A–1 Final" form the school district filed with the Industrial Accident Board, that the school district began to pay Gorena benefits on March 6, 1987. The form showed that the school district issued a check to Gorena for $726 on that date. That evidence was undisputed. Further testimony and documentary evidence indicated that the district made additional payments after that date, although the dates of those payments were not established. We find that the district's cause of action against appellant accrued when it made the initial payment on March 6, 1987. *See Buss*, 255 S.W.2d at 343, 345. The school district filed suit on April 5, 1989, more than two years after that date. As such, the suit was not timely filed, and it is therefore barred by the two-year statute of limitations. We sustain appellant's first point of error.

In relying primarily on *Hix*, we are not unmindful of the fact that the petition for writ of error has been granted in that case. However, until the Texas Supreme Court provides further guidance, the rule announced in *Hix* is the only workable rule for determining when the cause of action for subrogation accrues in a workers compensation case. To hold that the cause of action accrues when the carrier makes the final payment of benefits would allow the carrier to extend its cause indefinitely by withholding the final check as long as possible. Using the date of the employee's injury as the accrual date would also be problematical. Case law states:

> [T]he right of subrogation is not an absolute one, but is contingent upon the happening of a future event ... such event is the payment, or assumption of payment.... There could be no reimbursement unless something had been paid or assumed, and there could be no recovery at all, unless some amount had been paid or assumed.

*Texas Employer's Ins. Ass'n*, 129 S.W.2d at 749, 750. Petitioners in *Hix* claim that the cause of action accrues when the carrier assumes liability rather than when it initiates payments. We find the practical application of such a rule difficult. The compensation carrier's obligation to pay medical expenses and benefits is statutorily imposed. While that obligation can be contested, and liability may ultimately be "assumed" when a judgment against the carrier becomes final (*see Texas Employer's Ins. Ass'n*, 129 S.W.2d at 749), neither *Hix* nor the present action were contested cases. The school district pleaded a claim for reimbursement under the Texas Worker's Compensation Act. *See* Tex.Rev.Civ. Stat.Ann. art. 8307 § 6(a) (Vernon Pamph. 1992). It claimed that the cause of action accrued on the date the release was executed. We find no case law to support the school district's claim. *Travelers Ins. Co. v. Seidel*, 705 S.W.2d 278, 281 (Tex.App.—San Antonio 1986, writ dism'd) held that the third party tort-feasor was liable to the carrier as a matter of law because the third party settled with the employee's estate, with full knowledge of the carrier's subrogation right. In our reading of *Travelers*, we do not find that it created an independent cause of action for wrongful settlement which accrues when settlement is executed, as the school district seems to urge

---

**2.** No evidence in the record indicates that this case is anything but uncontested. The school district did not deny that Gorena had sustained an injury, nor did it dispute that she was entitled to benefits.

in the case at bar. The holding in *Travelers* was based on the statutory right of subrogation. That right is subject to a defense of limitations. Pursuant to *Hix*, appellant proved that the school district did not timely assert its right because it filed suit more than two years after the initial payment of benefits. However, we note that appellant established no other date upon which the cause of action could have accrued except the date of first payment, March 6, 1987. Therefore, should the Texas Supreme Court disapprove of the rule in *Hix*, appellant will not have established its statute of limitations defense. At the present time, and in the posture of the case before us, we are compelled to follow the law as it now stands under *Hix* and others.

Accordingly, we REVERSE the trial court's judgment and render judgment that the school district take nothing against appellant.